Steven J. Luckner, Esq.
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
Facsimile: (973) 656-1611
*Attorneys for Defendant U.S. Silica Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---------------------------------------------------------

| | |
|---|---|
| PHILIP BENNETT, | : Hon. _____ |
| | : Civ. Action No.: _____ |
| Plaintiff, | : |
| | : |
| v. | : |
| | : **NOTICE OF REMOVAL & LOCAL** |
| U.S. SILICA COMPANY; and JOHN DOES | : **CIVIL RULE 11.2 CERTIFICATION** |
| 1-5 and 6-10, | : |
| | : |
| Defendants. | : |

--------------------------------------------------------  :

**TO:   CHIEF JUDGE AND JUDGES OF**
**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

Drake P. Bearden, Jr., Esq.
Costello & Mains, LLC
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
*Attorneys for Plaintiff*

Michelle M. Smith, Esq., Clerk
The Superior Court of New Jersey
Richard Hughes Justice Complex
6th Floor North Wing
Trenton, New Jersey 08625

Clerk, Superior Court of New Jersey
Law Division – Cumberland County
60 W. Broad Street
Bridgeton, New Jersey 08302

1

**HONORABLE JUDGES:**

Defendant U.S. Silica Company ("Defendant"), by and through its counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby notices the removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, to the United States District Court for the District of New Jersey, and as grounds therefore show as follows:

### I.      TIMELINESS OF REMOVAL

1.      On or about April 14, 2021, Plaintiff Philip Bennett ("Plaintiff") commenced a civil action against Defendant in the Superior Court of New Jersey, Cumberland County, entitled *Philip Bennett vs. U.S. Silica Company et al.*, Docket No. CUM-L-000255-21.

2.      Plaintiff served the Summons and Complaint on April 28, 2021 at Defendant's place of business.  A copy of the Summons, Complaint, Civil Case Information Statement, and Track Assignment Notice, are attached hereto as Exhibit A.

3.      This is the only process, pleading, or order known by Defendant to have been served in this action.

4.      Pursuant to 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days after the receipt by defendant, through service or otherwise, of the Complaint.

5.      Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after receipt by any defendant, through service or otherwise, of the Complaint.

### II.      VENUE

6.      The New Jersey Superior Court, Cumberland County, is located within the District of New Jersey.  28 U.S.C. § 110.  Therefore, venue is proper in this Court because it is

the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

### III.     BASIS FOR REMOVAL – DIVERSITY JURISDICTION

7.     This action is properly removable under 28 U.S.C. § 1332(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides that "The district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states…."  Here, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  This was true at the time of filing of the Complaint and remains true at the time of the filing of this Notice of Removal.

### A.     AMOUNT IN CONTROVERSY

8.     This is an action to recover damages for alleged violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* ("NJLAD") and for alleged retaliation for pursuing workers' compensation.  According to the Complaint, Plaintiff seeks an award of compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, and equitable reinstatement.  *See* Complaint, Wherefore Clause.  Based on the allegations in the Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See Raspa v. Home Depot,* 533 F. Supp. 2d 514, 522 (D.N.J. 2007); *Uddin v. Sears, Roebuck & Co.*, 2014 WL 316988, *5 (D.N.J. Jan. 27, 2014).

### B.    DIVERSITY OF CITIZENSHIP

9.    A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

10.    According to the Complaint, Plaintiff is a citizen of the State of New Jersey. *See* Complaint, Introductory Paragraph.

11.    U.S. Silica Company is a corporation organized under the laws of the State of Delaware and having its principal place of business in the State of Texas.  Defendant therefore is a citizen of Delaware and Texas within the meaning of 28 U.S.C. § 1332.

12.    Accordingly, complete diversity of citizenship exists.

### IV.    CONCLUSION

13.    Defendant has not previously sought similar relief.

14.    To date, Defendant has not filed a responsive pleading in Plaintiff's State court action, and no other proceedings have transpired in that action.

15.    Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served by overnight mail upon Plaintiff's counsel, and upon the Clerk of the Superior Court of New Jersey, and the Clerk of the Superior Court in Cumberland County, New Jersey.

16.    By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, County of Cumberland, to the United States District Court for the District of New Jersey.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Defendant*

By:    */s/ Steven J. Luckner*
Steven J. Luckner, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
steven.luckner@ogletreedeakins.com

Dated: May 24, 2021

5

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Steven J. Luckner, Esq., counsel for Defendant, certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully Submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Defendant*

By:     */s/ Steven J. Luckner*
         Steven J. Luckner, Esq.
         10 Madison Avenue, Suite 400
         Morristown, New Jersey 07960
         steven.luckner@ogletreedeakins.com

Dated: May 24, 2021

# **EXHIBIT A**

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| PHILIP BENNETT, | SUPERIOR COURT OF NEW JERSEY CUMBERLAND COUNTY - LAW DIV. |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| U.S. SILICA COMPANY; and JOHN DOES 1-5 AND 6-10. | DOCKET NO: CUM-L-255-21 |
| Defendants. | **SUMMONS** |

**From The State of New Jersey to the Defendant Named Above:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

/s/   Michelle M. Smith
Clerk of the Superior Court

DATED: April 23, 2021

**Name of Defendant to be Served:**          **U.S. Silica Company**
**Address of Defendant to be Served:**       **9035 Noble Street**
                                              **Mauricetown, NJ 08329**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Courthouse, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl. Court House
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor – Tower
56 Paterson Street
New Brunswick, NJ 08903

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 866-0020

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Washington and Court Streets
P.O. Box 910
Morristown, NJ 07963

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 29
Salem, NJ 08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvedere, NJ 07823

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

**COSTELLO & MAINS, LLC**
By: Drake P. Bearden, Jr.
Attorney I.D. No. 039202009
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| PHILIP BENNETT, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | CUMBERLAND COUNTY - LAW DIV. |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| U.S. SILICA COMPANY; and JOHN DOES | : | DOCKET NO: |
| 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |

Plaintiff, Philip Bennett, residing in residing in Millville, New Jersey, by way of

Complaint against the Defendants, says:

### Preliminary Statement

This matter is brought under the New Jersey Law Against Discrimination ("LAD")

alleging disability discrimination and/or discrimination based on perceived disability and

retaliation in violation of the doctrine set forth in *Pierce v. Ortho Pharmaceuticals and Lally v.*

*Copy Graphics.*

### Identification of Parties

1.      Plaintiff Philip Bennett is, at all relevant times herein, a resident of the State of

New Jersey and a former employee of the Defendants.

2.      Defendant U.S. Silica Company is, at all relevant times herein, an entity

conducting business in the State of New Jersey at 9035 Noble Street, Mauricetown, New Jersey

and was, the employer of Plaintiff.

1

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

**General Allegations**

4.      Plaintiff was employed by the Defendants from in or around February of 2020 until his unlawful termination in May of 2020.

5.      Plaintiff was employed as a yard laborer.

6.      At all times, Plaintiff performed up to or beyond the reasonable expectations of his employer.

7.      Plaintiff worked without incident until he suffered a workplace injury in early May of 2020.

8.      Plaintiff was driving a load operator when it unexpectedly hit a hole, throwing Plaintiff from the vehicle.

9.      Plaintiff immediately reported this accident to the safety coordinator.

10.      The following day, Plaintiff was experiencing pain in his neck and was sent to an urgent care.

11.      Plaintiff was diagnosed with a sprain of the ligaments in his cervical spine.

12.      Plaintiff was thereby disabled within the meaning of that term in the LAD.

13.      As a result of his workplace injury, Plaintiff was out of work for approximately one week.

14.      When Plaintiff returned to work, his pain persisted prompting his return to the urgent care.

15.      Shortly after his appointment with the urgent care, Plaintiff was laid off.

16.    Although Plaintiff was laid off along with approximately seven other employees, upon information and belief, the other seven employees have been returned to their positions.

17.    In or around November 10, 2020, Plaintiff saw a job posting for his position.

18.    Plaintiff called the plant supervisor, Justo Lucena, to inquire about the position.

19.    Mr. Lucena said that since Plaintiff did not complete his 90 day training period, they decided to go in a different direction.

20.    Mr. Lucena is a member of upper management as that term is defined by the LAD and related jurisprudence.

21.    A determinative and/or motivating factor in Defendants' decision to terminate Plaintiff was Plaintiff's disability.

22.    In addition and/or in the alternative, a determinative and/or motivating factor in Plaintiff's termination was the Defendants' perceptions of or regarding Plaintiff's disability and/or his continued utility as an employee as a result of his injury.

23.    Plaintiff was further a member of a protected class pursuant to the doctrine established by the Court in *Pierce v. Ortho Pharmaceuticals and Lally v. Copy Graphics*, as an individual who exercised his rights under the New Jersey's Workers' Compensation Law.

24.    To the extent there is any "mixed-motive," Plaintiff need only show that a determinative and/or motivating in the conduct directed towards him was because of his membership in one of the protected groups set forth above.

25.    As a result of the unlawful conduct outlined above, Plaintiff has been forced to suffer both economic and non-economic harm.

COUNT I

**Disability Discrimination Under the LAD**

26.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 25, as though fully set forth herein.

27.     Plaintiff was subjected to discrimination based on his disability that had an adverse on his employment.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

COUNT II

**Perception of Disability Under the LAD**

28.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 27, as though fully set forth herein.

29.     For the reasons set forth above, Plaintiff was subjected to an adverse employment action based on Defendants' perceptions of or regarding Plaintiff disability and/or Plaintiff's continued utility as an employee as a result of his injury in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages,  punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

4

## COUNT III

### *Lally v. Copy Graphics*

30.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 29, as though fully set forth herein.

31.    To the extent that a determinative and/or motivating factor in Plaintiff's discharge was the fact that Plaintiff exercised his rights pursuant to the New Jersey Workers' Compensation Law, his discharge is actionable under the common law, as a violation of a clear mandate of public policy pursuant to *Pierce v. Othro Pharmaceuticals, Inc. and Lally v. Copy Graphics*.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT IV

### Request for Equitable Relief

32.    Plaintiff hereby repeats and re-alleges paragraphs 1 through 31 as though fully set forth herein.

33.    Plaintiff requests the following equitable remedies and relief in this matter.

34.    Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

35.    Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

36. To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

37. Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

38. Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

39. Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

40. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with compensatory damages, punitive damages, interest, cost of suit, attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*

Dated: April 14, 2021                          Drake P. Bearden, Jr.

## DEMAND TO PRESERVE EVIDENCE

1.      All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
        **Drake P. Bearden, Jr.**

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
        **Drake P. Bearden, Jr.**

7

## RULE 4:5-1 CERTIFICATION

1.    I am licensed to practice law in New Jersey and am responsible for the captioned

matter.

2.    I am aware of no other matter currently filed or pending in any court in any

jurisdiction which may affect the parties or matters described herein.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

## DESIGNATION OF TRIAL COUNSEL

Drake P. Bearden, Jr., Esquire, of the law firm of Costello & Mains, LLC, is hereby-

designated trial counsel.

**COSTELLO & MAINS, LLC**

By: */s/ Drake P. Bearden, Jr.*
**Drake P. Bearden, Jr.**

8

# Civil Case Information Statement

## Case Details: CUMBERLAND | Civil Part Docket# L-000255-21

**Case Caption:** BENNETT PHILIP VS U.S. SILICA COMPANY

**Case Initiation Date:** 04/14/2021

**Attorney Name:** DRAKE P BEARDEN JR

**Firm Name:** COSTELLO & MAINS, LLC

**Address:** 18000 HORIZON WAY STE 800

MT LAUREL NJ 080544319

**Phone:** 8567279700

**Name of Party:** PLAINTIFF : BENNETT, PHILIP

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: PHILIP BENNETT?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Employer/Employee

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| 04/14/2021 | /s/ DRAKE P BEARDEN JR |
| Dated | Signed |

```
CUMBERLAND COUNTY SUPERIOR COURT
CIVIL CASE MANAGEMENT
60 W BROAD ST
BRIDGETON        NJ 08302
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   APRIL 14, 2021
                        RE:     BENNETT PHILIP  VS U.S. SILICA COMPANY
                        DOCKET: CUM L -000255 21


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES R. SWIFT


     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     102
AT:  (856) 453-4343.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                              ATT: DRAKE P. BEARDEN
                              COSTELLO & MAINS, LLC
                              18000 HORIZON WAY STE 800
                              MT LAUREL        NJ 08054-4319


ECOURTS
```